**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 31, 2022**

# In the Court of Appeals of Georgia

A22A0059. GEORGIA POWER COMPANY v. TRIOLA.

PINSON, Judge.

Neil Triola received an electric shock when his backpack blower touched overhead electrical wires while he was working on the roof of a local business. He sued the business owners and Georgia Power for his injuries under Georgia's premises-liability statute, alleging that both defendants failed to inspect, maintain, and repair the wires on the premises and failed to warn him about the dangerous condition. The trial court granted the business owners' motion for summary judgment, but the court denied Georgia Power's motion. Georgia Power appealed, and we now reverse the denial of summary judgment. Triola chose to bring a claim based solely on premises liability, and our premises-liability statute imposes a duty to keep the premises safe only on "an owner or occupier of land." This record

contains no evidence from which a jury could find that Georgia Power owned or occupied the premises here, so Triola's claim fails as a matter of law.

Background

Triola is a self-employed handyman.[1] In October 2016, he was hired by two adjacent businesses on St. Simons Island—Sandcastle Café and Zuzu's—to do repair work on their roofs. Triola completed the job for Sandcastle Café without incident.

The next day, Triola turned to the job for Zuzu's. To get to Zuzu's roof, Triola climbed to the roof of the Sandcastle Café building, which is owned by the café. To do that, he placed his stepladder "about 3, 4 feet away" from some electrical wires installed by Georgia Power, which were connected from a utility pole to the roof of Sandcastle Café and which supplied power to the café. After placing the ladder, Triola strapped on a gas-powered backpack blower and climbed to the roof. He stepped on the roof with one foot, and as he turned, he "saw sparks, a big flash, and a bang," and fell to the ground. The backpack blower had touched the wires, delivering a shock to Triola.

---

[1] In reviewing summary judgment orders, we view the evidence in the record in the light most favorable to the party opposing summary judgment. *Johnson St. Prop., LLC v. Clure*, 302 Ga. 51, 52 (1) (805 SE2d 60) (2017). Here, the plaintiff-appellee, Triola, opposed summary judgment, so we recount the relevant evidence in the light most favorable to him.

Triola sued Sandcastle Café's owners and Georgia Power. In his sole claim for relief, Triola alleged that all three defendants "breached their legal duty to Plaintiff in violation of OCGA § 51-3-1" by failing to inspect the premises and maintain them in a reasonably safe condition, failing to repair a dangerous condition that they knew or should have known existed, and failing to warn Triola about that dangerous condition. All defendants moved for summary judgment.

After a hearing, the trial court granted summary judgment to the Sandcastle Café owners, but it summarily denied Georgia Power's motion, finding that "genuine issues of material fact remain." We granted Georgia Power's application for interlocutory review.

## Discussion

Georgia Power contends that the trial court erred in denying summary judgment. We review the denial of summary judgment de novo. *Johnson St. Prop.*, 302 Ga. at 52 (1). Summary judgment is proper when no genuine issues of material fact remain and the movant is entitled to judgment as a matter of law. Id.

Our premises-liability statutes ground a defendant's duty of care in its ownership or possession of the land at issue. Code Section 51-3-1 imposes liability on "an owner or occupier of land" when its "failure to exercise ordinary care in

3

keeping the premises and approaches safe" causes injury to an invitee. Code Section 51-3-2 makes "[t]he owner of the premises" liable to licensees for willful or wanton injury. And OCGA § 51-3-3 imposes a duty to refrain from causing willful or wanton injury to trespassers on "[a] lawful possessor of land," which the statute defines as "the landowner, occupant of the land, holder of any easement to the land, or lessee of the land."

So owner/occupier status is a necessary element of any premises-liability claim. This is obviously true based on the statutory language alone. But it also makes good sense. Owners and occupiers are held responsible for injuries that happen on the premises they own or occupy "fundamental[ly]" because they have "superior knowledge of the hazard encountered by the plaintiff." *Robinson v. Kroger Co.*, 268 Ga. 735, 736 (1) (493 SE2d 403) (1997). That is to say, when someone owns or occupies the premises, we presume that status puts them in a better position to understand the premises and its potential hazards than a visitor, so they have a duty to keep the visitor safe. That particular basis for imposing a duty of care disappears when a defendant lacks the requisite relationship to the premises. That defendant could still be liable for negligence in an appropriate case, but not as a matter of premises liability under these statutes.

That is the problem with Triola's claim here against Georgia Power. Triola has brought only a premises-liability claim under OCGA § 51-3-1. But the only evidence related to ownership and possession in this case is undisputed: the property where Triola was injured was owned by the Sandcastle Café defendants, and not by Georgia Power. And there is no evidence that Georgia Power maintained any degree of control or possession that would make it an occupier of those premises. See *Stelly v. WSE Prop. Mgmt., LLC*, 350 Ga. App. 627, 630, 631 (1) (829 SE2d 871) (2019) (explaining how "[a] contractor can obtain the status of an occupier if it takes control of the premises," which could include "having personal charge of or exercising the rights of management or control over the property in question") (citation and punctuation omitted). In short, on this record, no jury could find that Georgia Power owned or occupied the premises here, which dooms a premises-liability claim as a matter of law.

Triola relies on *McGarity v. Hart Elec. Membership Corp.*, 307 Ga. App. 739 (706 SE2d 676) (2011), but that case doesn't help him. We held in *McGarity* that "[a] jury should decide whether McGarity was a licensee or an invitee, and then consider HEMC's liability as occupier of the premises under the appropriate premises liability standard." Id. at 744 (1). But we noted that the power company there "concede[d]"

5

both that "it was an occupier of the land" and that there was "evidence that McGarity was a licensee." Id. at 744 (1) & n.23. Here, by contrast, Georgia Power disputes that it owns or occupies the Sandcastle Café or Zuzu's, and again, this record offers no evidence from which a jury could conclude that it does.

This is not to say that power companies can't be held liable for injuries caused by exposure to their power lines. Outside the context of premises liability, power companies owe a general duty of "ordinary care in the construction and maintenance of [their] wires, poles, transformers and equipment," *Collins v. Altamaha Elec. Membership Corp.*, 151 Ga. App. 491, 491-92 (1) (A) (260 SE2d 540) (1979), and they may be held liable for breaches of that duty regardless of who owns the land at issue, see, e.g., *Habersham Elec. Membership Corp. v. Dalton*, 170 Ga. App. 483, 485 (317 SE2d 312) (1984) (upholding jury verdict awarding damages to plaintiff who suffered electrical burns when a tool he was using to clean a chicken feed bin touched overhead power lines). But Triola didn't bring that claim: by his choice, this has only ever been a premises-liability case, even against Georgia Power.[2] And as a

_____

[2] At every stage of this case, Triola has limited his claim against Georgia Power to one grounded in premises liability. His complaint sounds in premises liability, citing only OCGA § 51-3-1 as the source of the defendants' duty of care and describing the breach of that duty as failures to maintain and inspect the premises or warn about or repair perils and conditions on those premises. And his briefing at

6

premises-liability claim, this claim fails as a matter of law, because there is no evidence from which a jury could conclude that Georgia Power is an owner or occupier that owes a duty under the premises-liability statutes. See *Doe v. Roe*, 362 Ga. App. 23, 31 (3) (d) (864 SE2d 206) (2021) (reversing denial of summary judgment when "the available evidence would not permit a jury to make the necessary findings" to support plaintiff's claim).

*Judgment reversed. McFadden, P. J., and Gobeil, J., concur*.

---

summary judgment and in this court doubles down, describing and framing his case as a "premises liability action" and arguing that he was either an invitee or licensee as to Georgia Power.